UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 09-21985-CIV-MORENO

IN RE:

APPLICATION OF STRAND INVESTMENTS LTD.,

Applicant.
_____/

**CLOSED CIVIL CASE**

## ORDER

Strand Investments Ltd. seeks judicial assistance under 28 U.S.C. §1782 to obtain discovery from Kimberly Barteau, for use in a proceeding before the Supreme Court of the Commonwealth of the Bahamas. Barteau, a resident of this District, allegedly worked on the creation of a trust designed to protect the personal assets of Gillian Payne. Payne has filed a Statement of Claim against Strand in the Supreme Court of the Bahamas. Strand contends Payne had knowledge of an alleged fee agreement between them, and that Barteau sent an email to Strand's director and to Payne that corroborates this contention. Strand asserts it can only obtain this email, and Barteau's deposition, through a §1782 application, because the Supreme Court of the Bahamas has no jurisdiction over Barteau.

Pursuant to its discretionary authority under §1782, the Court hereby **GRANTS** Strand's Application, and requires Barteau to appear for a video deposition and produce the requested documents.

## ANALYSIS

Section 1782 provides the district courts discretionary authority to grant an application for judicial assistance if (1) the request is made "by a foreign or international tribunal," or by "any

interested person"; (2) the request seeks evidence, whether it be the "testimony or statement" of a person or the production of "a document or other thing"; (3) the evidence is "for use in a proceeding in a foreign or international tribunal"; and (4) the person from whom discovery is sought resides or is found in the district of the district court ruling on the application. *See, Intel Corp. v. Advanced Micro Devices*, 542 U.S. 241, 247 (2004); *see also, In re: Clerici*, 481 F.3d 1324, 1331-32 (11th Cir. 2007).

After *Intel*, a district court considering such an application may evaluate (a) whether the person from whom discovery is sought is a participant in the foreign proceeding; (b) the nature of the foreign tribunal, the character of the proceedings, and the receptivity of the foreign government to judicial assistance; (c) whether the request conceals an attempt to circumvent foreign proof-gathering restrictions; and (d) whether the request is otherwise "unduly intrusive or burdensome." *Intel*, 542 U.S. at 264-65.

### 1. Jurisdiction to Grant the Application

The Court has jurisdiction to grant Strand's Application. Strand qualifies as an "interested person" under the statute; indeed, it is the principal defendant in the Bahamian proceeding. The requested discovery, including Ms. Barteau's deposition, directly relates to a central issue in that proceeding. Moreover, Ms. Barteau qualifies as a natural person who resides in Broward County, Florida.

### 2. *Intel*'s Discretionary Factors Favor Granting the Application

The Court exercises its discretionary authority to grant Strand's Application. Ms. Barteau is *not* a participant in the proceeding in the Bahamas. She is therefore "outside the [Supreme Court of the Bahamas'] jurisdictional reach," and her "evidence, available in the United States, may be unobtainable absent §1782(a) aid." *Intel* at 264. Ms. Barteau's alleged knowledge of the agreement

between Strand and Payne goes directly to a central issue in that proceeding, and would apparently aid in the resolution of the case. Moreover, the requested discovery would likely not meet procedural roadblocks in the Bahamas, and presents no substantial intrusion or burden.

## CONCLUSION

IT IS HEREBY ORDERED that the application is GRANTED as follows:

1. By August 24, 2009, Kimberly Barteau shall appear for a video taped deposition with respect to the subject matter of the dispute identified in Exhibits A through F to the Application for Assistance filed in this matter.

2. By August 24, 2009, Kimberly Barteau shall produce to counsel for Strand all documents in her possession, custody, or control that (a) pertain or relate to any of the transactions and agreements alleged in Exhibits A through F to the Application for Assistance; and/or (b) pertain or relate to communications with Strand, Michael Coleman, Jeremy Cafferata, Cafferata & Co., Gillian Payne, Denis Kleinfeld, or Carl Linder with respect to any of the transactions and agreements alleged in Exhibits A through F to the Application for Assistance. Any documents withheld as subject to the attorney-client privilege, the work product doctrine, or other applicable privilege shall be identified in a privilege log prepared pursuant to Local Rule 26.1G of the Court..

DONE AND ORDERED in Chambers at Miami, Florida, this __ day of July, 2009.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:
Counsel of Record